UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MILLBORN SEEDS, INC.,<br><br>            Plaintiff,<br>vs.<br><br>EASTERN COLORADO SEEDS, LLC,<br>a Colorado limited liability company,<br><br>            Defendant. | 4:24-CV-04036-LLP<br><br>MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND AWARDING ATTORNEY'S FEES AND COSTS |

Plaintiff, Millborn Seeds, Inc. ("Millborn Seeds" or "Plaintiff"), filed this lawsuit on March 4, 2024, against defendant Eastern Colorado Seeds, LLC ("ECS") alleging breach of contract and unjust enrichment. (Doc. 1.) On April 12, 2024, Plaintiff filed a motion for default judgment and an application for attorney's fees and costs. (Docs. 8 and 10.) For the following reasons the motion and application are granted.

## BACKGROUND

According to Plaintiff's Complaint, in March of 2022, ECS submitted a credit application to Plaintiff by facsimile to Plaintiff's headquarters in Brookings, South Dakota. Plaintiff approved ECS's credit application. A copy of the credit application is attached to the Complaint as Exhibit 1. ECS began purchasing seed from Plaintiff on an open account basis pursuant to the terms of the regulations in the credit application.

From August 17, 2023, to November 25, 2023, ECS placed nineteen separate orders and Plaintiff provided the seed to ECS for those orders. Plaintiff billed ECS for the amounts owed by ECS for the nineteen orders. Copies of the nineteen invoices are attached to the Complaint as Exhibit 2-1 through Exhibit 2-19. The purchases amounted to $299,938.58. ECS failed to make payments for the nineteen orders.

On March 4, 2024, Plaintiff filed a Complaint seeking judgment in the amount of $299,938.58, plus interest, costs, and attorney fees. ECS was served with a summons and a copy

of the Complaint on March 11, 2024. (Doc. 4.) ECS has not filed an answer or other responsive pleading. On April 2, 2024, Plaintiff filed a motion for entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. 5.) The Clerk entered default against ECS on April 3, 2024. (Doc. 7.) The Clerk's Entry of Default was mailed to ECS. On April 12, 2024, Plaintiff filed the pending motion for default judgment and an application for attorney's fees and costs. (Docs. 8 and 10.) Plaintiff's lawyer served the pleadings on the owner of ECS by certified mail.

## LEGAL STANDARD

Under Rule 55, "[w]hen a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). "Entry of a default under Federal Rule of Civil Procedure 55(a) is not, as such, entry of a judgment; it merely permits the plaintiff to move for a default judgment under Rule 55(b)(2), assuming that the default is not set aside under Rule 55(c)." *Inman v. American Home Furniture Placement, Inc.*, 120 F.3d 117, 118 n.2 (8th Cir. 1997). Thus, Rule 55 requires two steps before entry of a default judgment: "first, pursuant to FED.R.CIV.P. 55(a), the party seeking a default judgment must have the clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend; second, pursuant to FED.R.CIV.P. 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule." *Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 683 (N.D. Iowa 1995). In this case, the Clerk of Court has entered default pursuant to Rule 55(a) because ECS failed to respond to the Complaint, completing the first step in the process toward default judgment, and Plaintiff has now moved for a default judgment under Rule 55(b)(2).

Upon entry of default by the Clerk of Court, the defaulting defendant "is deemed to have admitted all well pleaded allegations in the complaint." *Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 n.7 (8th Cir. 1988) (quoting *Caribbean Produce Exchange v. Caribe Hydro–Trailer, Inc.*, 65 F.R.D. 46, 48 (D. Puerto Rico 1974)). The next question is whether the facts in the Complaint are sufficient to establish liability. *See Marshall v. Baggett*, 616 F.3d 849, 852–53 (8th Cir. 2010) (holding that even if a defendant fails to respond to complaint, "it is incumbent upon the district court to ensure that the unchallenged facts constitute a legitimate cause of action" prior to entering default judgment) (citing *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010)).

## DISCUSSION

### A. Breach of Contract

To prevail on a breach of contract claim under South Dakota law, the plaintiff must establish: "(1) an enforceable promise; (2) a breach of the promise; and, (3) resulting damages." *Bowes Constr., Inc. v. S.D. DOT,* 793 N.W.2d 36, 43 (S.D. 2010). Plaintiff has adequately pleaded a breach of contract claim against ECS. The credit application shows that Plaintiff agreed to ship product in exchange for prompt payment. Invoices were issued to ECS by Plaintiff. ECS did not pay the invoices and $299,938.58 remains outstanding. This is evidenced by the Complaint, the attached invoices, and the Affidavit of Ryan Armstrong, Plaintiff's lawyer. Plaintiff has established that ECS's failure to pay the amounts due constitutes a breach of contract. Plaintiff has been damaged in the amount of $299,938.58 based on ECS's breach and is entitled to a default judgment in that amount.[1]

### B. Interest

South Dakota law permits the recovery of prejudgment interest on damages arising from a contract at the contract rate. *See* SDCL § 21-1-13.1. Under the terms of the credit application and each of the unpaid invoices, ECS's credit account would accrue finance charges at a rate of 1.5% per month (18% per year), beginning 30 days after the amount became due. As of April 8, 2024, the accrued interest amounted to $23,786.31. (Doc. 9, p. 6.)

### C. Attorney Fees and Costs

As a federal court sitting in diversity, the Court applies state law governing the award of attorney's fees. *See Hortica-Florists' Mut. Ins. Co. v. Pittman Nursery Corp.,* 729 F.3d 846, 852 (8th Cir. 2013). In South Dakota, a party may collect attorney's fees for a breach of contract claim if the contract or a statute provides for it. *See Credit Collection Serv., Inc. v. Pesicka,* 721 N.W.2d 474, 476 (S.D. 2006).

The terms of the credit application executed by ECS state that "[i]n the event of non-payment of an obligation due Millborn Seeds, Inc. and the institution of legal proceedings pursuant

---

[1] Because the Court concludes that Plaintiff is entitled to judgment on its breach of contract claim, it need not address Plaintiff's unjust enrichment cause of action.

3

to its collection, the . . . corporation to whom credit was extended agrees to bear the costs of such proceedings, including attorney's fees[.]" (Doc. 1-1, p. 2.) Under the terms of the agreement between the parties, and pursuant to Rule 54(d)(l) of the Federal Rules of Civil Procedure, Plaintiff is entitled to an award of its attorney's fees in pursuing this matter.

Plaintiff has requested $2,475.00 in attorney's fees at an hourly rate of $275, plus tax at the rate of 6.2% in the amount of $153.45, for a total of $2,628.45. In his affidavit, counsel for Plaintiff describes the nine hours of work he performed on this case. (Doc. 11, p. 2.) The Court concludes that the tasks completed by the attorney, the hourly rate, and the number of hours billed are reasonable, and therefore grants the request for attorney's fees and tax in the amount of $2,628.45.

Plaintiff's request for costs will be granted in the amount of $405.00 for the filing fee and the $55.00 paid to the Kit Carson County Sheriff's office for service of pleadings in this case, for a total award of $460.00 in costs. Accordingly,

**IT IS ORDERED**:

1. That Plaintiff's Motion for Default Judgment is granted. (Doc. 8.) Plaintiff is awarded damages in the principal amount of $299,938.58.
2. That Plaintiff's Application for Attorney's Fees and Costs is granted. (Doc. 10.) Plaintiff is awarded $2,628.45 for attorney's fees and $460.00 for costs, for a total of $3,088.45.
3. That, within 10 days of this Order, Plaintiff's lawyer shall supply the Court with the calculations of prejudgment interest accrued through that date, and the Court will then enter a Default Judgment for the principal, interest, attorney's fees, and costs.

Dated this 26th day of June, 2024.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK